IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| OHIO CASUALTY INSURANCE CO., | No. CV 13-00060 RS |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| ASHBURY GENERAL CONTRACTING AND ENGINEERING, et. al., | |
| Defendant. | |

## I. INTRODUCTION

This matter arises out of a General Agreement of Indemnity ("Indemnity Agreement") related to various surety bonds. Plaintiff Ohio Casualty Fire Insurance Company ("Ohio Casualty") brought this action for breach of contract against defendants John Kim and Kin Michelle Dea ("the Kims") and others. Having reached a settlement with the other defendants, Ohio Casualty now moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. The Kims failed to oppose Ohio Casualty's motion. Because Ohio Casualty has made a prima facie showing for breach of contract, its motion must be granted.

## II. BACKGROUND

The Kims, along with others (collectively "the Indemnitors"), entered the Indemnity Agreement in March of 2010. (Indemnity Agreement at 1, ECF No. 42-2, Ex. 1; Decl. of Kevin Born, ECF No. 42-1 at ¶ 9; Decl. of Curtis Brookbank, ECF No. 42-2 at ¶ 8).[1] The Indemnity Agreement served as partial consideration for a group of insuring entities (individually and collectively "the Surety"), including Ohio Casualty, to issue surety bonds on behalf of the Indemnitors. (Indemnity Agreement at 1; Supplemental Decl. of Curtis Brookbank, ECF No. 50 at ¶¶ 2, 7–11). The Indemnity Agreement generally requires the Indemnitors to "exonerate, hold harmless, [and] indemnify" the Surety against liabilities arising from these bonds.[2] (Born Decl. at ¶ 10; Brookbank Decl. at ¶ 9).

---

[1] Declarant Kevin Born is a named defendant in the action and is President of defendant Ashbury Homes, Inc. ("Ashbury"). (Born Decl. at ¶ 1). Born signed the Indemnity Agreement, both as an individual and in his capacity as President of Ashbury. Declarant Curtis Brookbank is a Surety Account Engineering Manager II with Ohio Casualty. (Brookbank Decl. at ¶ 3). Brookbank worked on the books, records, files and reports related to the Indemnity Agreement. *Id.* at ¶ 6.

[2] The relevant provision provides:

> INDEMNITY - The Indemnitors shall exonerate, hold harmless, indemnify, and keep indemnified the Surety from and against any and all liability for losses, fees, costs and expenses of whatsoever kind or nature including, but not limited to, pre- and post-judgment interest at the maximum rate permitted by law accruing from the date of a breach of this Agreement or a breach of any other written agreements between or for the benefit of the Surety and the Indemnitor(s) and/or Principal(s) (hereinafter referred to as "Other Agreements"), court costs, counsel fees, accounting, engineering and any other outside consulting fees and from and against any and all such losses, fees, costs and expenses which the Surety may sustain or incur: (1) by reason of being requested to execute or procure the execution of any Bond; or (2) by having executed or procured the execution of any Bond; or (3) by reason of the failure of the Indemnitors or Principals to perform or comply with any of the covenants and conditions of this Agreement or Other Agreements; or (4) in enforcing any of the covenants and conditions of this Agreement or Other Agreements. . . .  In the event of any payment by the Surety, the Indemnitors and Principals further agree that in any accounting between the Surety and the Principals, or between the Surety and the Indemnitors, or either or both of them, the Surety shall be entitled to charge for any and all disbursements made by it in good faith in and about the matters herein contemplated by this Agreement or Other Agreements under the belief that it is, or was, or might be liable for the sums and amounts so disbursed or that it was necessary or expedient to make such disbursements, whether or not such liability, necessity or expediency existed; and that the vouchers or other evidence of any such payments made by the Surety shall be prima facie evidence of the fact and amount of the liability to the Surety. Surety shall have no obligation to invest or provide a return on any collateral provided to it under this Agreement.

(Indemnity Agreement at ¶ Second).

Pursuant to the Indemnity Agreement, Ohio Casualty issued several surety bonds ("the Bonds") on behalf of defendant Ashbury Homes, Inc. ("Ashbury") for construction contracts with the City of Richmond and the City and County of San Francisco. (Born Decl. at ¶ 11; Brookbank Decl. at ¶ 10). Ohio Casualty later received several claims against the Bonds, asserting Ashbury defaulted on certain payment and performance obligations. (Born Decl. at ¶ 12; Brookbank Decl. at ¶ 11). After conducting an investigation, Ohio Casualty determined some of the claims should be paid and distributed $654,181.69 to various claimants.[3] (Claims Payment History Report, ECF No. 42-2, Ex. 2; Born Decl. at ¶¶ 13–15; Brookbank Decl. at ¶¶ 12–14). Ohio Casualty also incurred $53,811.92 of attorney fees through its investigation, defense, and resolution of claims against the Bonds and its efforts to recover funds under the Indemnity Agreement. (Born Decl. at ¶ 17; Brookbank Decl. at ¶ 16). Through these efforts, Ohio Casualty recovered $406,088.37 from third-parties. (Born Decl. at ¶ 18; Brookbank Decl. at ¶ 18). After accounting for $101,569.04 in statutory interest, Ohio Casualty calculates it suffered a net loss of $403,474.28. (Net Loss and Interest Calculation Report, ECF No. 42-2, Ex. 3).

Ohio Casualty brings this breach of contract action against the Kims for nonperformance of their obligations under the Indemnity Agreement. Ohio Casualty now moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

### III.   LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant succeeds, the burden then shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *see Celotex*, 477 U.S. at 323. A genuine issue of material fact is one that could reasonably be resolved in favor of the nonmoving party and that

---

[3] Unless otherwise indicated, all amounts are as of January 31, 2014.

could affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court must view the evidence in the light most favorable to the nonmoving party and draw all justifiable inferences in its favor. *Id.* at 255.

## IV.  DISCUSSION

Ohio Casualty has shown there are no material issues of genuine fact and it is entitled to judgment as a matter of law. To establish a breach of contract under California law, a plaintiff must show: (1) existence of a contract, (2) performance by the plaintiff or excuse for nonperformance, (3) breach by the defendant, and (4) damages. *Reichert v. Gen. Ins. Co. of Am.*, 68 Cal. 2d 822, 830 (1968); *First Commercial Mortgage Co. v. Reece*, 89 Cal. App. 4th 731, 745 (2001). Ohio Casualty presents evidence showing each of the essential elements and the Kims offer no countervailing evidence or argument raising a triable issue of fact.

With respect to the first element, the Indemnity Agreement states that it is "made and entered into by . . . John Kim, Individual; Kin Michelle Dea, Individual . . . jointly and severally," in favor of the Surety. (Indemnity Agreement at 1). The Indemnity Agreement contains the Kims signatures and is signed and sealed by a notary public. *Id.* at 5–8. Brookbank's supplemental declaration states Ohio Casualty is among the insuring entities referred to as the Surety. This evidence demonstrates as a matter of law the existence of a contract. *See Gulf Ins. Co. v. Hi-Voltage Wire Works, Inc.*, 388 F. Supp. 2d 1134, 1136–37 (E.D. Cal. 2005) (finding signed indemnity agreement established existence of contract). Moreover, the Brookbank and Born declarations establish Ohio Casualty's performance under the Indemnity Agreement—issuing the Bonds on Ashbury's behalf. (Born Decl. at ¶ 11; Brookbank Decl. at ¶ 10).

With respect to the third element, breach is established by unjustified non-performance of a contractual obligation. *Linden Partners v. Wilshire Linden Associates*, 62 Cal. App. 4th 508, 531–32 (1998) ("Any non-performance of a duty under a contract when performance is due is a breach."); *see also* Witkin, Summary of Cal. Law (10th ed.), Contracts § 847 at 935 (2005). The Indemnity Agreement obliges the Indemnitors to exonerate, hold harmless, and indemnify Ohio Casualty against any liabilities arising from the Bonds. Ohio Casualty has shown it incurred

liabilities under the Bonds and the Kims failed to perform their indemnity obligations. (Born Decl. at ¶¶ 15–24; Brookbank Decl. at ¶¶ 14–24).

Ohio Casualty has also shown it suffered damages in the amount of $403,474.28. (Net Loss and Interest Calculation Report, ECF No. 42-2, Ex. 3; Brookbank Decl. at ¶ 25). Ohio Casualty properly deducted the funds it recovered from third-parties from the Indemnitors' total liability and calculated interest at the appropriate statutory rate. Cal. Civ. Code § 3289 ("If a contract entered into after January 1, 1986, does not stipulate a legal rate of interest, the obligation shall bear interest at a rate of 10 percent per annum after a breach.").

## V.   CONCLUSION

For the aforementioned reasons, Ohio Casualty's motion for summary judgment is granted. The Kims failed to oppose the motion and Ohio Casualty has made a prima facie showing of breach of contract. A separate judgment will be entered in the amount of $403,474.28 against the Kims and in favor of Ohio Casualty.

IT IS SO ORDERED.

DATED:   4/16/14

_____
RICHARD SEEBORG
United States District Judge